### CURRY et al. v. LANNING.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

1. TRIAL—MISLEADING INSTRUCTIONS.

In an action by administrators de bonis non for the value of lumber which it was claimed defendant had had manufactured under an agreement with plaintiffs' decedent that each should own one-half of it, defendant claimed that he had purchased decedent's share from her executor. The court charged that if the executor sold the decedent's share of the lumber to defendant, plaintiffs could not recover, and that the executor was the proper party for defendant to negotiate with; but afterwards refused to charge that the lumber and title thereto came into the executor's possession, and left it to the jury to determine this question as a matter of fact. *Held*, that the instructions were misleading, and constituted reversible error.

2. EVIDENCE—BOOKS OF ACCOUNT.

In an action by administrators with the will annexed an account book of a deceased executor, if admissible at all, was competent as a whole, and it was not proper to introduce only certain items.

Appeal from Trial Term, Tompkins County.

Action by Edwin Curry and another, as administrators, etc., of Sarah F. Theall, deceased, against Charles V. Lanning. From a judgment for plaintiffs and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Tompkins, Cobb & Cobb, for appellant.

J. J. McGuire, for respondents.

HOUGHTON, J.  The action was originally begun in justice
court for goods had and received from plaintiffs' testatrix, and on
appeal to the County Court a new trial was had.  The defendant
worked the farm in which the testatrix had a life estate on shares.
Shortly before her death the defendant and testatrix agreed that
the defendant should cut certain timber on the place, and have it
sawed into lumber, and for his work he should have one-half the
lumber, each paying one-half the saw bill.  The timber was cut
before the decease of testatrix, she leaving a will in which one Brew-
er was named as executor, who qualified and entered upon the dis-
charge of his duties, and subsequently died.  Prior to the com-
mencement of this action these plaintiffs were appointed adminis-
trators de bonis non with the will annexed.  Many objections were
made and exceptions taken in the course of the trial, both to the
relevancy of the proof under the pleadings and to its competency
upon the various issues, not all of which need be considered.  The
lumber forms the larger item which must have gone to make up
the verdict of the jury.  The plaintiffs claim that the defendant
took his own half as well as that of the testatrix.  To prove this
fact they showed admissions of the defendant in which he stated
that he had taken all of the lumber, but that he bought it of Brew-
er, the deceased executor, and paid him for it; and the defendant
upon the stand swore to the same thing.  By the same admission,
therefore, which showed that the defendant had the lumber, the
plaintiffs proved that it had been paid for.  The defendant made
many requests to charge, amongst them that if the jury found that
Brewer sold testatrix's part of the lumber to the defendant, the
plaintiffs could not recover for it, and the court so charged; and
further charged that Brewer, the executor, was the proper party
for the defendant to negotiate with.  Subsequently, however, the
defendant asked the court to charge that the timber, before it was
converted into lumber by being sawed, having been cut before the
death of the testatrix, came into the executor's possession, and the
title came to him.  The court declined to charge this, and left it
to the jury as a question of fact, to which the defendant excepted.

It is difficult to say what the jury understood from these incon-
sistent charges.  The timber had been severed from the real estate
prior to the death of the testatrix, and, if she had any title, that title
passed to her executor, Brewer.  If the defendant purchased the
lumber from him, he got a good title, and if he paid for it he did
not owe these plaintiffs anything on account of it.  This was not
made plain to the jury.  If the jury followed the instructions of
the court with reference to not considering certain items upon
which testimony had been given, they could not have rendered the
verdict which they did without charging the lumber against the
defendant.  The error, therefore, was so material that it calls for
a reversal of the judgment.

The plaintiffs were also permitted, under the objection of the
defendant, to prove that the account book of Brewer with the estate
contained only certain items relating to the defendant's payment of

money. If the book was competent at all, it was competent as a whole, and it was not proper to introduce only certain items.

The question is raised that the complaint is insufficient to cover any property purchased through the deceased executor for which he did not receive pay. That question we have not considered. On the new trial which we feel constrained to order the question may not arise.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.